UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HUDSON FINANCIAL CORPORATION, ) | CASE NO. 1:11CV1117 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| AUTOLIV STEERING WHEELS ) | |
| MEXICO S. de R.L. de C.V., ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #16) of Defendant, Autoliv Steering Wheels Mexico S. De R.L. de C.V. ("Autoliv Mexico"), to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction. For the following reasons, the Motion is granted on the basis of insufficient service of process. (Fed.R.Civ.P. 12(b)(5)).

**I. BACKGROUND**

In the Court of Common Pleas for Cuyahoga County, Hudson Financial Corporation ("Hudson") sued Autoliv Mexico for payment of accounts receivable, allegedly assigned to Hudson, and relating to goods supposedly supplied to Autoliv Mexico by two non-parties, Red Rock Stamping and Tremont Manufacturing. After removal, and on June 8, 2011,

Hudson filed its Amended Complaint. With leave of Court, Autoliv Mexico filed the instant Motion to Dismiss on July 8, 2011. Autoliv Mexico is a company organized under the laws of the Country of Mexico, and is engaged in the business of producing automobile parts. Hudson attempted to serve Autoliv Mexico by certified mail at a warehouse in Laredo, Texas. Autoliv Mexico submits a Declaration, stating in pertinent part, that Autoliv "operates solely within Mexico and has no plants, offices, or agents in Laredo, Texas or anywhere else within the United States." (ECF DKT #16-3, ¶ 4).

## II. LAW AND ANALYSIS

Before this Court may exercise personal jurisdiction over a defendant, the plaintiff must establish that it effected service of process and that proper service was made. *Darko, Inc. v. Megabloks, Inc.*, No. 5:06CV1374, 2006 WL 2945954, *1 (Oct. 13, 2006 N.D.Ohio), citing *Sawyer v. Lexington-Fayette Urban County Govt.*, 18 Fed.Appx. 285, 287 (6th Cir.2001).

Pursuant to Fed.R.Civ.P. 4(f), service upon a foreign corporation is accomplished "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." As a general rule, in a removed case where jurisdiction is founded upon diversity, the procedural rules of the state are applied. However, compliance with the Federal Rules' directive regarding the Hague Convention is mandatory, because the Convention preempts conflicting state laws. *See e.g., Collins v. Collins*, 165 Ohio App.3d 71, 75 (1st App. Dist.2006). The Hague Convention requires each country to establish a central authority to receive requests for service of process. *See Volkswagenwerk Aktiengesellschaft v.*

*Schlunk*, 486 U.S. 694, 698 (1988). The central authority then serves the documents, or certifies that the documents have been served, in accordance with the law of that country. *Id*.

It is undisputed that both Mexico and the United States are signatories to the Hague Convention. Furthermore, the parties do not dispute that the Mexican Central Authority has not certified that service was completed in accordance with the laws of Mexico. In reality, service was made by certified mail at an address in Laredo, Texas. Autoliv Mexico disputes that it has any agents in the United States. Hudson has further informed the Court that it does not intend to pursue service under the Hague Convention.

### III. CONCLUSION

The Court determines that it cannot exercise personal jurisdiction over Autoliv Mexico because proper service has not been effected pursuant to Fed.R.Civ.P. 4(f). Therefore, Defendant's Motion to Dismiss (ECF DKT #16), under Fed.R.Civ.P. 12(b)(5), for Insufficient Service of Process is granted.

**IT IS SO ORDERED.**

                                                s/ Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

**Dated: October 5, 2012**